UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

IRTH SOLUTIONS, LLC,

                Appellant,

-against-                             20-cv-7568 (CM) (AEK)

WINDSTREAM HOLDINGS, INC.,

                Appellee.
----------------------------------------x

*USDC SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #:*
*DATE FILED: 10/5/2021*

ORDER

McMahon, J.:

    *Pro se* Appellant filed a Notice of Appeal from the Bankruptcy Court to the Southern District of New York on September 15, 2020. Under Federal Rule of Bankruptcy Procedure 8018, "appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically" unless the district court, by order, specifies a different time limit. Fed. R. Bankr. P. 8018(a)(1).

    In this case, the Court set a briefing schedule for the bankruptcy appeal as follows: "Appellant's brief and record due October 2, 2020; Appellees' opposition brief is due November 3, 2020; Appellant's reply brief is due November 17, 2020." (Dkt. 3). Appellant failed to file a brief. On April 20, 2021, the Court again set a briefing schedule for the bankruptcy appeal as follows: "Appellant's brief is due May 31, 2021; Appellees' opposition brief is due July 5, 2021; Appellant's reply brief is due July 26, 2021." (Dkt. 4). Appellant again failed to file a brief.

    Ordinarily, Appellant's repeated failure to file a brief in this matter despite multiple opportunities would lead to the conclusion that his appeal has been abandoned. In fact, dismissal of the appeal is entirely appropriate under Federal Rule of Bankruptcy Procedure 8018, which states, "If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, … the district court or BAP, after notice, may dismiss the appeal on its own motion." *See Balaber–Strauss v. Reichard (In re Tampa Chain Co.)*, 835 F.2d 54, 55–56 (2d Cir. 1987) (affirming dismissal of bankruptcy appeal where defendants failed to file any brief for approximately seven months and failed to provide the Court with any explanation for failure); *Matter of Nova Vista Industries, Inc.*, No. 91 CIV. 7222 (PKL), 1992 WL 60395, at *1 (S.D.N.Y. Mar. 9, 1992) (dismissing bankruptcy appeal for appellant's failure to file brief and failure to appear before the court or provide explanation for failure); *DeGennaro v. Crescent Electric Supply Company, Inc. of New York*, No. 19-cv-10261 (PMH), 2020 WL 4349859, at *1-2 (S.D.N.Y. July

29, 2020) (dismissing case after Appellant failed to file brief over eight months; "Such a delay is enough to warrant dismissal").

However, the Court may consider several factors in weighing dismissal of a bankruptcy appeal: "(1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions." *Motors Liquidation Co.*, No. 19-CV-6668, 2020 WL 2765695, at *2 (S.D.N.Y. May 28, 2020). Considering these factors, Appellant has indeed repeatedly failed for the period of 1 year to file a brief in the matter and has not sought an adjournment or offered any explanation for its failure to do so. This failure alone warrants dismissal. *See DeGennaro*, 2020 WL 4349859, at *2. However, weighing the remaining factors and particularly considering that this Appellant is *pro se*, this Court determines that Appellant may have a last chance to file a brief.

If Appellant does not wish to abandon the Appeal, Appellant must file its brief by October 22, 2021. If no brief is filed by October 22, 2021, the Appeal will be dismissed with prejudice.

Dated: October 5, 2021

_____
U.S.D.J.

BY ECF TO ALL PARTIES