UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――x

IRTH SOLUTIONS, LLC,

                Appellant,

    -against-                                            20-cv-7568 (CM) (AEK)

WINDSTREAM HOLDINGS, INC.,

                Appellee.
―――――――――――――――――――――――x

[USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 11/1/2021]

ORDER DISMISSING APPEAL WITH PREJUDICE

McMahon, J.:

    *Pro se* Appellant filed a Notice of Appeal from the Bankruptcy Court to the Southern District of New York on September 15, 2020. Under Federal Rule of Bankruptcy Procedure 8018, "appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically" unless the district court, by order, specifies a different time limit. Fed. R. Bankr. P. 8018(a)(1).

    In this case, the Court set a briefing schedule for the bankruptcy appeal as follows: "Appellant's brief and record due October 2, 2020; Appellees' opposition brief is due November 3, 2020; Appellant's reply brief is due November 17, 2020." (Dkt. 3). Appellant failed to file a brief. On April 20, 2021, the Court again set a briefing schedule for the bankruptcy appeal as follows: "Appellant's brief is due May 31, 2021; Appellees' opposition brief is due July 5, 2021; Appellant's reply brief is due July 26, 2021." (Dkt. 4). Appellant again failed to file a brief.

    On October 5, 2021, the Court ordered Appellant to file the brief by October 22, 2021. (Dkt. 5). The Court explained to Appellant that the consequences of failing to file a brief would be that the Appeal will be considered abandoned and dismissed with prejudice. (*Id.*).

    Appellant did not file a brief by October 22, 2021 or otherwise respond to the Court's October 5, 2021 Order. Accordingly, as set forth in that Order (Dkt. 5), Appellant's repeated failure to file a brief in this matter despite multiple opportunities leads to the conclusion that his appeal has been abandoned and dismissal of the appeal is appropriate under Federal Rule of Bankruptcy Procedure 8018, which states, "If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, ... the district court or BAP, after notice, may dismiss the appeal on its own motion." *See Balaber–Strauss v. Reichard (In re Tampa Chain Co.)*, 835 F.2d 54, 55–56 (2d Cir. 1987) (affirming dismissal of bankruptcy appeal where defendants failed

to file any brief for approximately seven months and failed to provide the Court with any explanation for failure); *Matter of Nova Vista Industries, Inc.*, No. 91 CIV. 7222 (PKL), 1992 WL 60395, at *1 (S.D.N.Y. Mar. 9, 1992) (dismissing bankruptcy appeal for appellant's failure to file brief and failure to appear before the court or provide explanation for failure); *DeGennaro v. Crescent Electric Supply Company, Inc. of New York*, No. 19-cv-10261 (PMH), 2020 WL 4349859, at *1-2 (S.D.N.Y. July 29, 2020) (dismissing case after Appellant failed to file brief over eight months; "Such a delay is enough to warrant dismissal").

The appeal is dismissed with prejudice and the Clerk of the Court is respectfully requested to close the case.

Dated: October ___, 2021
       November 1

_____
U.S.D.J.

BY ECF TO ALL PARTIES